UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ZAREEN RAZAWI, | ) |
|---|---|
| Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 4:18-CV-206-PLC<br>) |
| NANCY A. BERRYHILL,<br>Deputy Commissioner of Operations,<br>Social Security Administration, | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on the motion filed by Defendant Nancy A. Berryhill, Deputy Commissioner of Operations, Social Security Administration, to reverse the decision of the Administrative Law Judge ("ALJ") and remand the case to Defendant for further administrative proceedings pursuant to sentence four of Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g). (ECF No. 13) Plaintiff responded, stating "no objection" to Defendant's motion to reverse and remand. (ECF No. 14)

On February 6, 2018, Plaintiff filed a complaint seeking review of Defendant's final decision, the ALJ's decision, denying Plaintiff's application for Supplemental Security Income benefits under the Social Security Act. (ECF No. 1) Defendant filed her answer and a transcript of the administrative proceedings, and Plaintiff filed a brief in support of the complaint, as well as a statement of uncontroverted material facts. (ECF Nos. 6, 7, 8, 8-1).

In her brief, Plaintiff claimed that the ALJ erred in relying on the vocational expert's opinion "that included an apparent conflict with the [*Dictionary of Occupational Titles*], without identifying or resolving the conflict." (ECF No. 8) Plaintiff argued that, although the ALJ's

residual functional capacity determination included a limitation to "no overhead reaching with the left non-dominant upper extremity," the vocational expert testified that Plaintiff could perform the jobs of marking clerk, shipping weigher, and router. According to the *Dictionary of Occupational Titles* ("DOT"), the jobs of marking clerk and router require frequent reaching and that of shipping weigher requires occasional reaching. Plaintiff asserted that, because the ALJ failed to resolve this conflict between the vocational expert's testimony and the job requirements listed in the DOT, the ALJ's reliance on the vocational expert's testimony at step five was improper.

Defendant filed the instant motion to reverse and remand the case for further action under sentence four of section 405(g) of the Social Security Act, which authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). See also Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Defendant represents that, upon review of the record, agency counsel determined that remand is necessary for further evaluation of Plaintiff's claim. Defendant states: "On remand, the Commissioner will obtain additional testimony from a vocational expert and resolve any apparent conflicts regarding Plaintiff's ability to reach and the demands of jobs in the [DOT] consistent with Social Security Ruling 00-4p[.]"

Upon review of Plaintiff's brief in support of his complaint, the ALJ's decision, and the Commissioner's motion, the Court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's motion to reverse and remand (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

A separate judgment in accordance with this Memorandum and Order is entered this date.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of August, 2018